UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTON THOMPSON,

    Plaintiff,

v.

NATIONAL SECURITY AGENCY et al.,

    Defendants.

Case No. 3:20-cv-00467

Judge Eli J. Richardson
Magistrate Judge Alistair E. Newbern

# MEMORANDUM ORDER

Pro se Plaintiff Anton Thompson initiated this action on June 3, 2020, by paying the filing fee and filing a complaint against Defendants the National Security Agency (NSA), Wendy Noble, and Earnest Green. (Doc. No. 1.) The complaint indicates that Thompson intends to sue Noble and Green in both their individual and official capacities. (*Id.*) Thompson alleges that the defendants subjected him to electronic torture and mind control. He also requests an explanation for why he has not received a response to communications he allegedly sent to the defendants (*id.*), which the Court has construed as a request for relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. (Doc. No. 4.) More than one-hundred-and-fifty days have passed since Thompson filed his complaint, and the docket shows that he has not effected service on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**I.    Background**

On June 16, 2020, the Court issued an order informing Thompson "that **he is responsible for effecting service of process on all Defendants** in accordance with . . . Rule 4 of the Federal Rules of Civil Procedure" and informing him that "[f]orms and more information about service of process are available on the Court's website[.]" (*Id.* at PageID# 218.) On July 2, 2020, summonses

issued for Green, Noble, and the NSA, all of which listed the same address: 9800 Savage Rd. Suite 6272, Fort Meade, MD 20755-6000.[1] (Doc. No. 8.) On July 13, 2020, Thompson filed returns of service for all three defendants along with certified mail receipts addressed to "National Security Agency, Gen. Nakasone[;]" "Wendy Noble, executive director[;]" and "Earnest Green, chief of staff" at the NSA's Fort Meade address. (Doc. No. 10, PageID# 285, 288, 291.) The proof of service forms state that Noble, Green, and General Paul Nakasone[2] were all served as individuals "designated by law to accept service of process" on the NSA's behalf. (*Id.* at PageID# 287, 290, 293.)

On October 20, 2020, the United States entered a special appearance to notify the Court of its position that Thompson "has failed to perfect service on any of the defendants." (Doc. No. 20, PageID# 569.) The United States also states that, according to NSA records, Thompson "had not made any FOIA request to the agency as of the time he filed [t]his lawsuit[,]" and that "the NSA is processing a letter [Thompson] subsequently sent to NSA, addressed to Wendy Noble, as Executive Director of NSA, as a request for information pursuant to FOIA (and potentially as a request under the Privacy Act, as well)." (*Id.* at PageID# 571.) The United States represents that the agency "has sent an initial response to [Thompson] regarding that August 2020 request for information, and is currently waiting for additional information from [Thompson] to allow it to further process the request." (*Id.*)

---

[1] This is the address listed on the NSA website for those who wish to contact the agency. NSA CSS, *Contact Us*, https://www.nsa.gov/about/contact-us/ (last visited Nov. 6, 2020).

[2] Publicly available records indicate that General Nakasone currently serves as Commander of U.S. Cyber Command, NSA Director, and Chief of the Central Security Service. NSA CSS, *Paul M. Nakasone*, https://www.nsa.gov/About-Us/Current-Leadership/Article-View/Article/1596277/paul-m-nakasone/ (last visited Nov. 6, 2020).

## II. Legal Standard

Federal Rule of Civil Procedure 4(c)(1) requires that each defendant be served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

## III. Analysis

The United States is correct that none of the defendants in this action has been properly served in accordance with Rule 4. Because the NSA is an agency of the United States and Noble and Green are NSA officers, service of process for Thompson's claims against the NSA, Noble, and Green is governed by Rule 4(i), which provides:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
> **(1)** *United States*. To serve the United States, a party must:
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

    **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
   **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
   **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
  **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
  **(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule (e), (f), or (g).

Fed. R. Civ. P. 4(i)(1)–(3).

  The docket in this case contains no evidence that Thompson has served a copy of the summons and complaint on the U.S. Attorney for the Middle District of Tennessee or the Attorney General of the United States, as Rule 4(i) requires. *See* Fed. R. Civ. P. 4(i)(1)–(2). While Thompson filed certificates of service addressed to Noble, Green, and Nakasone, it appears that none of these individuals is authorized to accept process on behalf of the NSA; nor do Noble and Green appear to be authorized to accept service for suits brought against them in their official capacities *See* 32 C.F.R. § 93.5(b)(1) ("Only the [General Counsel] or an NSA attorney is authorized to accept the copies of the summons and complaint sent to the NSA or NSA personnel . . . ."). The docket also contains no indication that Thompson attempted to serve Noble and Green in their individual capacities. *See* Fed. R. Civ. P. 4(e)–(g).

  The deadline for service set by Rule 4 has elapsed. However, in light of Thompson's pro se status and his attempts to effect timely service, the Court will afford him additional time to serve the named defendants in this action. *See* Fed. R. Civ. P. 4(m).

4
Case 3:20-cv-00467   Document 21   Filed 11/06/20   Page 4 of 5 PageID #: 580

## IV. Conclusion

Accordingly, if Thompson wishes to pursue his claims in this action, he is ORDERED to effect service of process on each defendant named in his complaint by no later than November 24, 2020. Thompson is warned that failure to serve each defendant in compliance with Rule 4 by this deadline will likely result in a recommendation that his claims against any unserved defendants be dismissed without prejudice under Rule 4(m).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge