UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTON THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL SECURITY AGENCY et al.,<br><br>    Defendants. | Case No. 3:20-cv-00467<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

Defendants the National Security Agency (NSA), NSA Executive Director Wendy Noble, and NSA Chief of Staff Ernest Green have filed a motion to dismiss this action for pro se Plaintiff Anton Thompson's failure to perfect service under Federal Rule of Civil Procedure 12(b)(5), lack of subject matter jurisdiction under Rule 12(b)(1), and failure to state a claim on which relief can be granted under Rule 12(b)(6). (Doc. No. 48.) Thompson did not file a timely response to the defendants' motion to dismiss. For the reasons that follow, the Magistrate Judge will recommend that the defendants' unopposed motion to dismiss be granted.

### I. Factual and Procedural Background

Thompson initiated this action on June 3, 2020, by filing a complaint and paying the Court's filing fee for civil actions. (Doc. Nos. 1–1-2.) The 42-page complaint is accompanied by around 140 pages of exhibits and alleges, among other things, that Thompson experienced remote torture and mind control by government actors after staff at the Davidson County Jail placed electronic objects in his food in September 2016. (Doc. Nos. 1, 1-1.) Soon after Thompson filed his complaint, the Court observed that it had recently dismissed *sua sponte* another case that

Thompson had filed making the same allegations, *Thompson v. Central Intelligence Agency, et al.*, No. 3:20-cv-00161 (Case 161). (Doc. No. 4.) While Thompson's complaint in this action repeated claims that the Court deemed "'totally implausible' under the governing legal standard in Case 161[,]" Thompson also added new allegations that the NSA, Noble, and Green failed to respond to reports, emails, and letters that Thompson sent to the NSA and NSA officials. (*Id.* at PageID# 217.) Considering those allegations and Thompson's invocation of the Court's jurisdiction under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Court found that it was "not apparent from the face of the complaint that the Court lacks subject-matter jurisdiction" and declined to dismiss Thompson's claims *sua sponte*. (*Id.*) The Court informed Thompson "that **he is responsible for effecting service of process on all Defendants** in accordance with [ ] Rule 4 of the Federal Rules of Civil Procedure[,]"directed him to service resources available on the Court's website, and "warned [him] that failure to complete service of process for a Defendant could result in dismissal of this action against that Defendant." (*Id.* at PageID# 218.)

On July 2, 2020, summonses issued for Green, Noble, and the NSA, all of which listed the same address: 9800 Savage Rd. Suite 6272, Fort Meade, MD 20755-6000.[1] (Doc. No. 8.) On July 9, 2020, Thompson filed returns of service for all three defendants along with certified mail receipts addressed to "National Security Agency, Gen. Nakasone[;]" "Wendy Noble, executive director[;]" and "Earnest Green, chief of staff" at the NSA's Fort Meade address. (Doc. No. 10, PageID# 285, 288, 291.) The proof of service forms state that Noble, Green, and General Paul

---

[1] This is the address listed on the NSA website for those who wish to contact the agency by mail. NSA CSS, *Contact NSA*, https://www.nsa.gov/Helpful-Links/Contact-NSA/ (last visited Jan. 28, 2022).

Nakasone[2] were served as individuals "designated by law to accept service of process" on the NSA's behalf. (*Id.* at PageID# 287, 290, 293.)

The United States then entered a special appearance to notify the Court of its position that Thompson "has failed to perfect service on any of the defendants" and that it had begun processing Thompson's August 2020 request for information from the NSA as a FOIA request. (Doc. No. 20, PageID# 569.) On November 6, 2020, the Court found that Thompson had not properly served any of the defendants in accordance with Rule 4(i), which provides:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
> **(1)** *United States.* To serve the United States, a party must:
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee.
> **(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule (e), (f), or (g).

---

[2]    Publicly available records indicate that General Nakasone currently serves as Commander of U.S. Cyber Command, NSA Director, and Chief of the Central Security Service. NSA CSS, *Leadership*, https://www.nsa.gov/about/Leadership/ (last visited Jan. 28, 2022).

Fed. R. Civ. P. 4(i)(1)–(3). The Court found "that none of the defendants in this action ha[d] been properly served in accordance with Rule 4[,]" explaining,

> [b]ecause the NSA is an agency of the United States and Noble and Green are NSA officers, service of process for Thompson's claims against the NSA, Noble, and Green is governed by Rule 4(i) . . . . The docket in this case contains no evidence that Thompson has served a copy of the summons and complaint on the U.S. Attorney for the Middle District of Tennessee or the Attorney General of the United States, as Rule 4(i) requires. While Thompson filed certificates of service addressed to Noble, Green, and Nakasone, it appears that none of these individuals is authorized to accept process on behalf of the NSA; nor do Noble and Green appear to be authorized to accept service for suits brought against them in their official capacities[.] The docket also contains no indication that Thompson attempted to serve Noble and Green in their individual capacities.

(Doc. No. 21, PageID# 579–80 (citations omitted).) The Court found that an extension of the service deadline was warranted "in light of Thompson's pro se status and his attempts to effect timely service[.]" (Doc. No. 21, PageID# 580.) The Court ordered Thompson to effect service on each defendant by November 24, 2020, and "warned [him] that failure to serve each defendant in compliance with Rule 4 by this deadline w[ould] likely result in a recommendation that his claims against any unserved defendants be dismissed without prejudice under Rule 4(m)." (*Id.* at PageID# 581.)

On January 7, 2021, Thompson notified the Court that he had moved to a new address. (Doc. No. 24.) On June 16, 2021, the Court entered an order noting that it was not clear whether Thompson had received the November 6, 2020 order and explained again why Thompson's prior service attempts were insufficient under Rule 4, extended the deadline for service by fourteen days from the date of the order, and ordered Thompson to show cause by June 29, 2021, why this action should not be dismissed for his failure to effect service of process. (Doc. No. 40.)

On the same date, Thompson filed a notice stating that the "clerk of court has the summon[s]es to be signed and stamped by the clerk" (Doc. No. 41, PageID# 803) and attached a partially completed USM-285 form to request service by the U.S. Marshals Service on "U.S.

Attorney General Dept. of Justice, ATTN: service of process, 950 Pennsylvania Ave. N.W.[,] Washington[,] D.C. 20530[;]" a civil summons addressed to the National Security Agency in Fort Meade; and an undated proof of service affidavit signed by Thompson stating that he had served the "U.S. Attorney General Dept. of Justice" through then-Acting Attorney General Monty Wilkinson (Doc. No. 41-1, PageID# 805, 807). A note on the Court's docket dated June 24, 2021, states that Thompson "appeared at [the] Clerk's Office to have [a] summons for U.S. Attorney General issued[,] [but the] [s]ummons was issued in error as the summons is not complete with [Thompson's] name and address." The Clerk's Office attempted to call Thompson regarding this error, but his telephone numbers on file with the Court were inoperable. The Clerk's Office sent Thompson a letter asking that he return to complete the summons.

On June 25, 2021, Thompson filed a notice stating that he sent letters and NSA complaint forms to Green and Noble at the NSA's Fort Meade address. (Doc. No. 42.) On June 28, 2021, a summons issued for then-Acting U.S. Attorney for the Middle District of Tennessee Mary Jane Stewart. (Doc. No. 44.) The next day, Thompson filed a proof of service affidavit stating that he had served the NSA through Stewart with several attachments, including a copy of a certified mail receipt addressed to Stewart and a United States Postal Service sales receipt. (Doc. Nos. 43–43-4.) Assistant U.S. Attorney Michael L. Roden then entered an appearance as counsel for the NSA, Green, and Noble, stating that "the defendants do not waive the requirement that the plaintiff perfect service pursuant to Rule 4(i), Federal Rules of Civil Procedure." (Doc. No. 47, PageID# 1025.)

On August 27, 2021, the NSA, Green, and Noble filed a motion to dismiss the action for Thompson's failure to perfect service under Rule 4, lack of subject matter jurisdiction under Rule 12(b)(1), and failure to state a claim on which relief can be granted under Rule 12(b)(6).

(Doc. No. 48.) The NSA, Green, and Noble argue that Thompson's attempts to mail summonses and copies of the complaint to Green and Noble at the NSA's main headquarters does not suffice to serve the NSA or Green and Noble in their official capacities, and that Thompson has not shown that he attempted to serve Green or Noble in their individual capacities under Rule 4(e). (Doc. No. 49.) Defendants further argue that this Court lacks jurisdiction over Thompson's FOIA claim because the NSA has responded to what it construed as his FOIA request, making the FOIA appeal process under 5 U.S.C. § 552(a)(4)(B) the proper avenue to challenge the agency's decision. (*Id.*) Finally, they argue that Thompson has failed to state a claim on which relief can be granted because the NSA's response to his FOIA request was appropriate and because other district courts have dismissed "electronic torture" claims like Thompson's as "implausible . . . ." (*Id.* at PageID# 1036.) Concurrently with their motion to dismiss, NSA, Green, and Noble filed a sworn declaration and exhibits from legal assistant Melissa Russell stating that the U.S. Attorney's Office for the Middle District of Tennessee received two copies of Thompson's summons and complaint by certified mail and that the U.S. Attorney General's Office informed Russell by email on August 19, 2021, that Thompson "ha[d] not served a copy of the Summons and Complaint on the United States Attorney General in Washington, D.C." (Doc. No. 50, PageID# 1039, ¶ 4.) They also filed a sworn declaration from NSA FOIA/Privacy Act Division Acting Chief Kimberly Beall describing the process by which the NSA processed Thompson's FOIA request and attached copies of the NSA's correspondence with Thompson related to that request. (Doc. Nos. 51–51-6.)

The Court ordered Thompson to "file any response in opposition to the motion to dismiss no later than fourteen days after being served with the motion" and warned him "that failure to file a timely response in opposition to the defendants' motion to dismiss may result in a recommendation that the motion be granted as unopposed or the action be dismissed for failure to

prosecute." (Doc. No. 52.) The docket reflects that Thompson did not respond to the motion to dismiss by that deadline.[3]

## II. Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service

---

[3] On October 12, 2021, Thompson filed a "Declaration for Monetary Damages." (Doc. No. 53, PageID# 1106.) This filing does not appear to be directed at the arguments in motion to dismiss and, even if generously construed as Thompson's intended response, is untimely under this Court's local rules. *See* M.D. Tenn. R. 7.01(3) (response) (providing that "any party opposing a motion must serve and file a memorandum of law in response . . . not later than fourteen (14) days after service of the motion" and that "[i]f a timely response is not filed, the motion shall be deemed to be unopposed").

upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

Plaintiffs must generally file proof of service on each defendant. Rule 4(l) provides that, "[u]nless service is waived, proof of service"—usually the server's affidavit—"must be made to the court." Fed. R. Civ. P. 4(l)(1). However, "[f]ailure to prove service does not affect the validity of service[,]" and the Court "may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) challenges "the manner or method of service" of a summons or complaint. *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits[.]" *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Wanke v. Invasix Inc.*, No. 3:19-cv-0692, 2020 WL 2542594, at *5 (M.D. Tenn. May 19, 2020) (finding that the Court may consider "record evidence in determining the sufficiency of service" under Rule 12(b)(5)). It is the plaintiff's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd*, 94 F.3d at 219).

### III. Analysis

This action has been pending for well over a year without proper service of process on any defendant. The Court notified Thompson at the outset of the litigation that he was responsible for serving process on each defendant in accordance with the Federal Rules of Civil Procedure and pointed him to resources for accomplishing service. (Doc. No. 4.) When the time for service under Rule 4(m) had passed, the Court explained the manner in which Thompson must serve the defendants under Rule 4(i), explained why his previous attempts at service had been insufficient, and exercised its discretion to extend the time for service under Rule 4(m). (Doc. No. 21.) When Thompson still had not demonstrated that service had been perfected on any of the defendants by the extended deadline, the Court again informed him of Rule 4(i)'s requirements, explained why his previous attempts at service were insufficient, and provided him with an opportunity to show cause why this action should not be dismissed under Rule 4(m). (Doc. No. 40.)

Although it appears that Thompson has served a copy of the summons and complaint on the U.S. Attorney for the Middle District of Tennessee (Doc. Nos. 43, 50, 50-1), the docket contains no indication that Thompson has served the U.S. Attorney General or the NSA, as he must do to bring claims against the NSA, Green, or Noble.[4] The fact that Thompson appears pro se does not excuse his failure to comply with the Federal Rules of Civil Procedure or the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Thompson has not served any defendant in this action

---

[4] Even if Thompson asserts claims against Green and Noble in their individual capacities, his allegations against those defendants are based on actions they allegedly took as NSA officials. (Doc. Nos. 1, 1-1.) Therefore, under Rule 4(i)(3), Thompson must serve the United States in order to bring individual capacity claims against those defendants.

in compliance with Rule 4 despite ample time to do so and notice that failure may result in dismissal, dismissal without prejudice under Rule 4(m) is appropriate.

Because dismissal is warranted under Rule 4(m), the Court need not consider the NSA, Noble, and Green's arguments in the alternative under Rules 12(b)(1) and (b)(6).

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 31st day of January, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge