IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTON THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:20-cv-00467 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| NATIONAL SECURITY AGENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 54), recommending that Plaintiff's action be dismissed without prejudice for lack of compliance under Fed. R. Civ. P. 4(m). Plaintiff has filed an "Affidavit to deny the defendants [sic] argument to dismiss" (Doc. No. 55), which the Court construes as an objection to the Report and Recommendation.[1]

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge

---

[1] The Defendants' Motion to Dismiss (Doc. No. 48) was filed on August 27, 2021. At that time, Plaintiff had fourteen days to file a response in opposition, and he failed to do so. On January 31, 2022, the Magistrate Judge issued her Report and Recommendation recommending dismissal of Plaintiff's action for failure to comply with Fed. R. Civ. P. 4(m). At that time, Plaintiff again had fourteen days in which to file any objections. Plaintiff filed his "Affidavit" on February 10, 2022, which is within the fourteen-day window to object to the Report and Recommendation, though not within the fourteen-day window to object to Defendants' Motion. Accordingly, the Court will treat the Affidavit as an objection to the Report and Recommendation, albeit one that (fatally for Plaintiff's objection) ultimately does not actually object to any particular portion of the Report and Recommendation.

may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a Report and Recommendation, and Local Rule 72.02(a) provides that "Such objections must be written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made." The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's objections, and the file. Plaintiff's objections do not even reference the Report and Recommendation, let alone identify with particularity any specific portion(s) of the Report and Recommendation to which an objection is made. Thus, the Court need not review any specific aspect of the Report and Recommendation, and the Report and Recommendation is adopted and approved.[2]

This action is **DISMISSED without prejudice**, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case under Fed. R. Civ. P. 58.

---

[2] As noted, Plaintiff's objection fails from the outset because it does not actually address the Report and Recommendation. As for what Plaintiff's objection actually does address, suffice it to say that it unhelpful and largely non-sensical and would have been unhelpful to Plaintiff's position even if it had been directed to some aspect of the Report and Recommendation.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE